## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LAGENZA JUNIOUS,** | : | |
| **Petitioner** | : | |
| | : | **No. 1:20-cv-155** |
| **v.** | : | |
| | : | **(Judge Rambo)** |
| **TAMMY FERGUSON,** *et al.*, | : | |
| **Respondents** | : | |

## MEMORANDUM

Before the Court is *pro se* Petitioner Lagenza Junious ("Petitioner")'s petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  (Doc. No. 1.)  Following an Order to show cause (Doc. No. 5), Respondents filed a partial response, asserting that Petitioner's § 2254 petition is untimely (Doc. No. 7).  To date, Petitioner has filed neither a traverse nor a motion seeking an extension of time to do so.  Accordingly, because the time for filing a traverse has expired, Petitioner's § 2254 petition is ripe for disposition.[1]

---

[1] On February 25, 2020, the Court issued an Administrative Order, informing Petitioner of the limitations upon his right to file another habeas petition in the future if his current petition was considered on the merits by the Court.  (Doc. No. 9.)  The Administrative Order notified Petitioner that if he did not complete and return the attached Notice of Election within forty-five (45) days, his petition would be ruled upon as filed.  (*Id.*)  Forty-five (45) days have passed, and Petitioner has not returned the Notice of Election.  Accordingly, pursuant to the February 25, 2020 Administrative Order, the Court will rule upon Petitioner's § 2254 petition as filed.

## I.     BACKGROUND

### A.     Procedural History

On February 17, 2015, Petitioner was sentenced to life imprisonment followed by a consecutive term of twenty (20) to forty (40) years of imprisonment after pleading guilty to murder, attempted murder, aggravated assault, burglary, being a person not to possess firearms, and three (3) counts of reckless endangerment.  (Doc. No. 7-1 at 3-4.)[2]  The Superior Court of Pennsylvania set forth the background of the case as follows:

> [T]he factual basis underlying the plea stems from an incident that occurred on December 20th, 2012 in the early morning hours of that date.  [Petitioner], as well as the deceased in the case, Adreanne Evans, lived in adjoining apartments on North Sixth Street right off of Forester in Harrisburg city.
>
> They had, within the last couple of months, ended a romantic relationship, and I think it is sufficient to say that [Petitioner] had some difficulty with that break-up and there were a number of events that culminated in what occurred on December 20th; and that is, just after 6:00 a.m., [Petitioner,] armed with a shotgun, came over to the adjoining apartment and forced his way in with the butt of his shotgun, breaking the glass door, forcing his way into the occupied apartment.
>
> Inside were several people.  The deceased Adreanne Evans, her new romantic interest Sterling Brown, Adreanne's mother Sage Evans, as well as [Petitioner] and Adreanne's infant child sleeping in there.  The group was awoken by [Petitioner's] forcible entry.
>
> Upon entering, he pointed the shotgun at Adreanne, shot her once in the chest; fired more shots at Sterling Brown, striking him on the left

---

[2] In addition to the § 2254 petition, a federal habeas court may take judicial notice of state court records, as well as its own records.  *See Minney v. Winstead*, No. 2:12-cv-1732, 2013 WL 3279793, at *2 (W.D. Pa. June 27, 2013).  Accordingly, in reviewing Petitioner's § 2254 petition, the Court has taken judicial notice of the publicly available dockets of criminal and collateral post-conviction proceedings in the Court of Common Pleas for Dauphin County, the Superior Court of Pennsylvania, and the Supreme Court of Pennsylvania, as well as its own records.

> side of his face.  And then finally, as Adreanne went to the ground, he
> pointed the shotgun at her face and delivered a certainly fatal shot to
> her, dropped the shotgun, and exited the apartment.

(Doc. No. 7-4 at 2 (citing plea hearing transcript).)  In exchange for his plea, the

Commonwealth agreed not to seek the death penalty against Petitioner.  (*Id.* at 3.)

Petitioner filed a timely post-sentence motion, which the trial court denied.  (Doc.

No. 7-1 at 6.)  Petitioner appealed to the Superior Court of Pennsylvania, challenging

the discretionary aspects of his sentence.  (Doc. No. 7-4 at 4.)  On February 12, 2016,

the Superior Court affirmed his judgment of sentence.  (Doc. No. 7-4.)  On July 7,

2016, the Supreme Court of Pennsylvania denied Petitioner's petition for allowance

of appeal.  *Commonwealth v. Junious*, 198 MAL 2016 (Pa.).

On April 16, 2017, Petitioner filed a Post Conviction Relief Act ("PCRA")

petition in the Court of Common Pleas for Dauphin County.  (Doc. No. 7-1 at 9.)

Attorney Jennifer Tobias was appointed to represent Petitioner.  (*Id.*)  On October

30, 2017, the PCRA court issued a notice of intent to dismiss Petitioner's PCRA

petition.  (*Id.*; *see also* Doc. No. 7-7.)  Petitioner responded to the notice on

November 15, 2017.  On January 18, 2018, the PCRA court dismissed Petitioner's

PCRA petition.  (Doc. No. 7-8.)  On November 30, 2018, the Superior Court

affirmed the dismissal of Petitioner's PCRA petition.  *Commonwealth v. Junious*,

No. 284 MDA 2018, 2018 WL 6259232, at *1 (Pa. Super. Ct. Nov. 30, 2018).  The

Supreme Court of Pennsylvania denied Petitioner's petition for allowance of appeal

on July 9, 2019.   *Commonwealth v. Junious*, 216 A.3d 1011 (Pa. 2019).   On December 9, 2019, the United States Supreme Court denied Petitioner's petition for a writ of certiorari.   *Junious v. Pennsylvania*, 140 S. Ct. 614 (2019).   Petitioner filed the instant § 2254 petition on January 30, 2020.   (Doc. No. 1.)

**B.   Habeas Claims Presented**

Petitioner raises the following claims for relief in his § 2254 petition:

1.   Trial counsel's ineffectiveness "caused Petitioner to enter into an involuntary and unknowing guilty plea for failure to investigate and present mitigating evidence to reduce degree of guilty from first degree murder to third degree murder;"

2.   Trial counsel's ineffectiveness "caused Petitioner to enter an involuntary and unknowing guilty plea where Commonwealth failed to adduce factual basis for guilty pleas";

3.   Trial counsel's ineffectiveness "caused Petitioner to enter [an] involuntary and unknowing guilty plea where counsel failed to call an expert witness evincing evidence of Petitioner's mental defect and [inability to] formulate the specific intent to commit murder"; and

4.   Trial counsel's ineffectiveness "caused Petitioner to enter an involuntary and unknowing plea where . . . counsel indicted and threaten[ed] to withdraw from [the] case if Petitioner did not enter [a] guilty plea."

(Doc. No. 1.)

## II.   STANDARD OF REVIEW

Habeas corpus is an "'extraordinary remedy' reserved for defendants who were 'grievously wronged' by the criminal proceedings."   *See Dunn v. Colleran*, 247

F.3d 450, 468 (3d Cir. 2001) (quoting *Calderon v. Coleman*, 525 U.S. 414, 146 (1998)).  The exercise of restraint by a federal court in reviewing and granting habeas relief is appropriate due to considerations of comity and federalism.  *See Engle v. Isaac*, 456 U.S. 107, 128 (1982).  "The States possess primary authority for defining and enforcing the criminal law.  In criminal trials they also hold the initial responsibility for vindicating constitutional rights.  Federal intrusions into state criminal trials frustrate both the States' sovereign power and their good-faith attempts to honor constitutional law."  *Id.*  States also have a recognized interest in the finality of convictions that have survived direct review within the state court system.  *See Brecht v. Abrahamson*, 507 U.S. 619, 620 (1993).

A district court may entertain an application for a writ of habeas corpus filed by a person in state custody "only on the ground that he is in custody in violation of the Constitution or laws of the United States."  28 U.S.C. § 2254(a).  If a claim presented in a § 2254 petition has been adjudicated on the merits in state court proceedings, habeas relief cannot be granted unless:

> the adjudication of the claim – (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established [f]ederal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

*Id.* § 2254(d).

## III.   DISCUSSION

As noted above, Respondents argue that Petitioner's § 2254 petition is untimely filed pursuant to the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA").   Under 28 U.S.C. § 2244(d), a state prisoner is subject to a one-year statute of limitations for the filing of a federal habeas corpus petition pursuant to 28 U.S.C. § 2254.  This statute provides that:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28. U.S.C. § 2244(d).

6

Under this statute of limitation, a prisoner generally must file a federal habeas corpus petition within one year of the date his conviction became final.  *See* 28 U.S.C. § 2244(d)(1)(A).   Here, the applicable starting point for the statute of limitation is the "conclusion of direct review or the expiration of the time for seeking such review."  *Id.*  The Supreme Court of Pennsylvania denied Petitioner's petition for allowance of appeal on July 7, 2016.  *See Junious*, 198 MAL 2016 (Pa.). Petitioner's conviction became final, therefore, on October 5, 2016, when the ninety (90)-day period for seeking a writ of certiorari from the United States Supreme Court expired.  *See Bacon v. Sommers*, No. 3:18-cv-59, 2019 WL 1239429, at *2 (M.D. Pa. Mar. 18, 2019).  Therefore, Petitioner had one (1) year from October 5, 2016, or until October 5, 2017, to file a timely § 2254 petition.  Petitioner filed his § 2254 petition on January 26, 2020, the date on which Petitioner assert he placed it in the prison mailing system for mailing to this Court.  (Doc. No. 1 at 14); *see Houston v. Lack*, 487 U.S. 266, 276 (1988) (holding that a prisoner's document is filed at the time he places it in the prison mailing system for forwarding to the court). Consequently, unless it is subject to statutory or equitable tolling, it is jurisdictionally time-barred.

Pursuant to 28 U.S.C. § 2244, the running of the limitation period is suspended for the period of time when properly-filed state post-conviction proceedings are pending in any state court.  28 U.S.C. § 2244(2).  An application for state post-

conviction relief is "filed" when "it is delivered to, and accepted by, the appropriate court officer for placement into the official record." *See Artuz v. Bennett*, 431 U.S. 4, 8 (2000). "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Id.* A post-conviction relief application remains pending in state court until "the state courts have finally resolved an application for state post[-]conviction relief [but] § 2244(d)(2) does not toll the 1-year limitations period during the pendency of a petition for *certiorari*." *See Lawrence v. Florida*, 549 U.S. 327, 333-36 (2007).

Here, 196 days of the limitations period elapsed until Petitioner filed a timely PCRA petition on April 19, 2017. (Doc. No. 7-1 at 9.) Petitioner's state post-conviction proceedings remained pending until July 9, 2019, when the Supreme Court of Pennsylvania denied Petitioner's petition for allowance of appeal. *Junious*, 216 A.3d 1011. While Petitioner petitioned the United States Supreme Court for a writ of certiorari, the time during which that petition was pending is not tolled for purposes of § 2244(d)(2). *See Lawrence*, 549 U.S. at 333-36. At the time the Supreme Court of Pennsylvania denied Petitioner's petition for allowance of appeal, 169 days remained of the federal limitations period. Petitioner, therefore, had until December 25, 2019 to file a timely § 2254 petition. He did not file his § 2254 petition until January 26, 2020, thirty-two (32) days after the limitations period had expired.

Thus, Petitioner's § 2254 petition is barred by the statute of limitations unless he can establish that he is entitled to equitable tolling.[3]

"[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks omitted) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Accordingly, equitable tolling is to be used sparingly and only in "extraordinary" and "rare" circumstances. *See Satterfield v. Johnson*, 434 F.3d 185, 195 (3d Cir. 2006). The United States Court of Appeals for the Third Circuit has found that equitable tolling "may be appropriate if (1) the defendant has actively misled the plaintiff, (2) if the plaintiff has 'in some extraordinary way' been prevented from asserting his rights, or (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum." *See Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999) (quoting *United States v. Midgley*, 142 F.3d 174, 179 (3d Cir. 1998)). The petitioner bears the burden of establishing that he is entitled to benefit from equitable tolling. *See Pace*, 544 U.S. at 418.

The Supreme Court has recognized that a credible showing of actual innocence may allow a petitioner to pursue the merits of his § 2254 petition

---

[3] Petitioner does not argue for, and nothing in the record supports, belated commencement of the limitations period pursuant to 28 U.S.C. § 2244(d)(1)(B)-(D).

notwithstanding the existence of "a procedural bar . . . or . . . expiration of the statute of limitations" under the miscarriage of justice exception. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). Such claims, however, are "rarely successful." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). To prevail under this standard, the petitioner must show that "it is more likely than not that no reasonable juror would have convicted him in the light of new evidence." *Id.* at 327. "Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim." *Id.* at 316.

In the instant case, Petitioner presents no argument or evidence to account for his delay in seeking federal habeas relief from this Court. Moreover, Petitioner does not indicate that extraordinary circumstances obstructed his pursuit of such relief. Finally, Petitioner advances no claim of actual innocence or the discovery of new evidence that would support such a finding. Accordingly, the Court concludes that there is no basis for the limitations period to be equitably tolled in this matter.

## IV.    CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c)(1)(A), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C.

§ 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322 (2003).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Here, jurists of reason would not find the procedural disposition of this case debatable.  Accordingly, no COA will issue.

## V.   CONCLUSION

For the foregoing reasons, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 1) will be dismissed as untimely and a COA will not issue.  An appropriate Order follows.

s/ Sylvia H. Rambo
United States District Judge

Dated: April 16, 2020